```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF GEORGIA
                     ATLANTA DIVISION
```

|   |   |   |
|---|---|---|
| MIGUEL ANGEL CUEVAS, | : | HABEAS CORPUS |
| BOP No. 93866-012, | : | 28 U.S.C. § 2241 |
|     Petitioner, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-2742-TWT-ECS |
| DARLENE DREW, Warden, | : | |
|     Respondent. | : | |

**FINAL REPORT AND RECOMMENDATION**

In 1996, federal inmate Miguel Angel Cuevas was convicted in the Eastern District of Arkansas for conspiracy to distribute methamphetamine and money laundering. See United States v. Cuevas, No. 4:95-CR-257-1-BRW (E.D. Ark. Aug. 21, 1996). Mr. Cuevas was sentenced to serve life in prison, and his conviction and sentence were affirmed on direct review by the United States Court of Appeals for the Eighth Circuit. See id.

Since then, Mr. Cuevas has tried repeatedly to attack his conviction and sentence collaterally in various federal courts. See Cuevas v. Dru, No. 1:13-CV-529-RLV (N.D. Ga. Feb. 28, 2013) ("Cuevas I") (Final Report and Recommendation listing Mr. Cuevas's collateral attacks). In 2013, this Court summarily dismissed not only Mr. Cuevas's federal habeas petition under 28 U.S.C. § 2241 in Cuevas I, but also his subsequent § 2241 petition in Cuevas v. Dru, No. 1:13-CV-2284-RLV (N.D. Ga. July 18, 2013) ("Cuevas II"). The

United States Court of Appeals for the Eleventh Circuit dismissed Mr. Cuevas's appeals in both <u>Cuevas I</u> and <u>Cuevas II</u>.

For a third time in this case, Mr. Cuevas repeats his claim that he is "actually innocent" and, indeed, he acknowledges that he is reraising claims he previously brought in <u>Cuevas II</u>. <u>See</u> [Doc. No. 1 at <u>passim</u>]. This Court explained to Mr. Cuevas in <u>Cuevas I</u> why he cannot now attack his sentence under 2241. <u>See</u> <u>Cuevas I</u> [Doc. No. 2 therein]. Mr. Cuevas's latest petition overcomes none of the deficiencies that were identified in his Petition in <u>Cuevas I</u> by the Final Report and Recommendation in <u>Cuevas I</u>.

The Eleventh Circuit's subsequent decisions clarifying what federal prisoners must allege and prove to invoke the "savings clause" under 28 U.S.C. § 2255(e) in order to obtain relief under 28 U.S.C. § 2241 do not alter that conclusion. <u>See generally</u> <u>Bryant v. Warden</u>, 738 F.3d 1253 (11th Cir. 2013); <u>Mackey v. Warden</u>, 739 F.3d 657 (11th Cir. 2014); <u>Jeanty v. Warden</u>, No. 13-14931, 2014 U.S. App. LEXIS (11th Cir. July 22, 2014); <u>Samak v. Warden</u>, No. 13-12161, 2014 U.S. App. LEXIS 17484 (11th Cir. Sept. 10, 2014). It is clear that the "newly discovered facts" that Mr. Cuevas is offering once again to prove his "actual innocence" are the same "facts" that he has presented before to this Court and to others, each of which has determined that they do not entitle him to relief.

2

For the reasons set forth above and in the February 2013 Final R&R, the undersigned **RECOMMENDS** that Mr. Cuevas's latest § 2241 petition [Doc. No. 1] be **SUMMARILY DISMISSED**. See 28 U.S.C. foll. § 2254, Rules 1(b) & 4.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED, DIRECTED**, **and ORDERED**, this 15th day of September, 2014.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)